UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LAW TANNING CO., LLC

        Plaintiff,

                                      Case No.

v                                    Hon.

WESTFIELD INSURANCE COMPANY
AND RANDY DRAEGER,

        Defendants.

_____/

| | |
|---|---|
| ROBERT L. ELLIOTT (SBW # 1013862) | GLEN HOWARD PICKOVER |
| **LAW OFFICE OF ROBERT L. ELLIOTT** | (SBW # 1074191) |
| Attorney for Plaintiff | **GREGORY AND MEYER, P.C.** |
| 735 N. Water Street, Ste. 1212 | Attorney for Defendant Westfield |
| Milwaukee, WI  53202 | 340 E. Big Beaver Road, Ste. 520 |
| (414) 225-9000/(414) 921-9783 – Fax | Troy, MI  48083 |
| rle@attorneyelliott.com | (248) 689-3920/(248) 689-4560 – Fax |
| | gpickover@gregorylaw.com |

_____/

## NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

**NOW COMES** Defendant, Westfield Insurance Company ("Westfield"), by and through

its attorneys, Gregory and Meyer, P.C., and pursuant to 28 U.S.C.A. §1441 and §1446, and E. D.

LR 8, hereby files this Notice of Removal of a cause of action filed in the Circuit Court for the

County of Milwaukee, State of Wisconsin, entitled, *Law Tanning Co., LLC v Westfield Insurance

Company*, Case No. 2017CV012498.

### The Complaint and the Parties

1.      This action was commenced in the Circuit for the County of Milwaukee on

November 6, 2017, and process as well as the initial pleading setting forth the claim for relief upon

which the action is based was first served on Westfield on November 8, 2017.

2.      The action is a civil action for breach of contract against an insurance company and pursuant to 28 U.S.C.A §1332(a)(1) and Rule 57 of the Federal Rules of Civil Procedure, this Court has original jurisdiction over the matter.

3.      There exists complete diversity of citizenship of the parties.

4.      Members of the Plaintiff limited liability company are all citizens of the State of Wisconsin (**Exhibit A**) and said limited liability company was formed in the State of Wisconsin. (**Exhibit B**)

5.      Westfield is incorporated in the State of Ohio with its principal place of business located in Westfield Center, Ohio.

6.      Randy Draeger ("Draeger") is an individual who resides in Greenfield, Wisconsin. As further set forth below, Westfield submits that there is no reasonable basis for Plaintiff's inclusion of Draeger as a defendant in this suit. Consequently, Draeger's citizenship must be disregarded for purposes of diversity jurisdiction as Draeger has been "fraudulently joined" as a defendant.

7.      Plaintiff's action alleges that its insurer, Westfield, is in breach of a policy of insurance by asserting that Westfield's policy does not afford coverage for employee dishonesty in the amount of loss arguably sustained by the Plaintiff.   Draeger is not a party to the insurance policy that is the subject of this suit.

8.      Plaintiff has alleged and demanded damages in the amount of Two Million Eight Hundred Fifty Thousand One Hundred Twelve and 12/100 ($2,850,112.12) Dollars. (See Plaintiff's Amended Complaint ¶¶ 38 and 46.)

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and Plaintiff and Westfield are citizens of different states.

10.     Venue is proper in this Court pursuant to 28 U.S.C.A. §102(a)(1) because it is the district and division embracing the place where such action is pending in accordance with 28 U.S.C.A. §1441(a).

11.     No previous application has been made for the relief requested herein.

12.     A copy of all process, pleadings and orders served upon Westfield, as well as a Proof of Service of written notice of this Notice of Removal to all adverse parties and a copy of same being filed with the clerk of the State court is being filed with this Notice as required by 28 USC §1446(a) and (d).

## Fraudulent Joinder of Randy Draeger to Defeat Diversity

13.     Plaintiff has improperly endeavored to defeat Westfield's right to remove this matter to federal court by fraudulently joining Draeger, a non-diverse defendant. Under the "fraudulent joinder" doctrine, diversity jurisdiction cannot be defeated by naming a non-diverse defendant as a party against whom the plaintiff has no real cause of action. See, e.g., *Poulos v. NAAS Foods, Inc*., 959 F2d 69, 73 (7th Cir. 1992).

14.     Plaintiff's initial complaint did not name Draeger as a defendant, but raised the identical causes of action against Westfield.

15.     After being served with the original complaint, Westfield advised Plaintiff's counsel that it was considering removing the action based on diversity. (**Exhibit C,** Email to Plaintiff's counsel)  In this November 15, 2017 email, Westfield's counsel requested the identity

and residency of each of the members of Law Tanning, a limited liability company. This information was needed to ascertain if diversity existed.

16.     Two days after responding to Westfield's counsel's request, Plaintiff filed an Amended Complaint, this time including Wisconsin resident Draeger as a defendant. The November 17, 2017 Amended Complaint, like Plaintiff's original pleading, seeks Breach of Contract damages from Westfield only.

17.     "Fraudulent joinder" occurs when an illusory or improvident claim is made against an in-state defendant in order to deprive an out-of-state defendant of its access to federal court. See *Poulos, supra*, 959 F2d at 73.  While the rule is called the "fraudulent joinder" doctrine, no proof of fraud is necessary for retention of federal jurisdiction. See *Walton v. Bayer Corp*., 643 F3d 994, 999 (7th Cir. 2011).

18.     The test for fraudulent joinder looks to whether the plaintiff has a reasonable possibility of success on the claim against the non-diverse defendant in state court under state law. *Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv*., 2013 WL 6230675 (ED Wis, Dec. 2, 2013) citing *Poulos*, *supra*.

19.     Plaintiff has no reasonable possibility of success against Draeger related to the Westfield insurance policy. Plaintiff does not state any cause of action against Draeger.  Instead, Plaintiff's claims completely arise out of Westfield's alleged breach of an insurance policy.

20.     Under Wisconsin law, an insurance policy functions as a contract between the insured and the insurer. *Estate of Sustache v. American Family Mut. Ins. Co.*, 311 Wis. 2d 548, 751 N.W.2d 845; 2008 WI 87, ¶19 (2008).

21.     The Westfield policy declarations sheet for the Crime and Fidelity Coverage Part, attached as an exhibit to Plaintiff's Amended Complaint, state that the only parties to the insurance contract are Law Tanning Company, LLC and Westfield.

22.     There is no reasonable basis for Plaintiff's inclusion of Draeger as a defendant to this suit against Westfield.

23.     According to Plaintiff's Amended Complaint, Draeger is a former employee of Plaintiff who embezzled funds from the company over a period of years.

24.     Plaintiff's Amended Complaint alleges that over a 7-year period Draeger managed to embezzle $2,281,885.43 before Plaintiff noticed the losses.

25.     Plaintiff's Amended Complaint does not seek any recovery from Draeger for his embezzlement. The Amended Complaint does not demand any award from Draeger.

26.     On information and belief, Draeger and Plaintiff have entered into an agreement whereby Draeger acknowledges his embezzlement. Presumably, this agreement between Plaintiff and Draeger explains why the Amended Complaint does not include any embezzlement claims against Draeger.

27.     Instead, the sole count raised against Draeger is Plaintiff's Third Cause of Action, citing Wis Stats 803.03(1) which governs the joinder of parties.

28.     According to the Third Cause of Action, Draeger "is a person needed for complete adjudication because in his absence complete relief cannot be accorded among the parties." However, under even that count, Plaintiff seeks a recovery only from Westfield.

29.     Plaintiff's Amended Complaint does not allege why Draeger, a nonparty to the insurance policy, is needed for complete adjudication of Plaintiff's breach of contract action against Westfield.

30.     A breach of contract claim does not require the presence of a defendant who is not a party to that contract. *Caruso v. Schmidt*, 138 Wis.2d 525, 406 N.W.2d 170 (1987). (legal malpractice and breach of contract suit against an attorney did not require that the parties and counsel to the underlying action be named as defendants as complete relief could be granted despite their absence).

31.     Plaintiff's Amended Complaint does not allege any facts establishing Draeger as a necessary defendant in its contract suit against Westfield.

32.     Plaintiff's failure to seek any relief from Draeger, while naming him as a defendant establishes that Draeger's inclusion in this lawsuit was to defeat diversity of jurisdiction.

33.     Because Draeger is not a party to the Westfield insurance policy and because Plaintiff seeks no relief from him, Plaintiff has absolutely no possibility of success against Draeger in this suit. Plaintiff's inclusion of Draeger must be deemed fraudulent joinder.

34.     Because defendant Draeger has been "fraudulently joined," his citizenship cannot be considered for diversity purposes and Draeger is subject to dismissal from this action.

35.     Accordingly, complete diversity exists and this Court has jurisdiction under 28 U.S.C.A. § 1332.

36.     This Notice of Removal is being filed within 30 days after Westfield was served with the Complaint and the notice is timely filed under 28 U.S.C.A. § 1446(b). In accordance with 28 U.S.C.A. § 1446(a), a true and correct copy of all documents filed in the state court are being filed with this Notice.

37.     In accordance with 28 U.S.C.A. § 1446(d), Westfield is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin, and is giving written notice of this filing to all parties.

**WHEREFORE**, Defendant, Westfield Insurance Company, respectfully requests that this action be removed from the Circuit Court for the County of Milwaukee, State of Wisconsin, to the United States District Court for the Eastern District of Wisconsin, and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

s/ GLEN HOWARD PICKOVER
GLEN HOWARD PICKOVER
GREGORY AND MEYER, P.C.
Attorneys for Defendant Westfield
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
(SBW # 1074191)
gpickover@gregorylaw.com

Dated:  December 6, 2017

\*     \*     \*     \*     \*     \*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the Court's ECF system, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

| | |
|---|---|
| Robert L. Elliott, Esq. | Randy Draeger |
| **LAW OFFICE OF ROBERT L. ELLIOTT** | 3134 W. Allerton Ave |
| 735 N. Water Street, Ste. 1212 | Greenfield, WI 53221 |
| Milwaukee, WI  53202 | |

I further certify that on December 6, 2017, a copy of the foregoing paper was served on the Milwaukee Circuit Court Clerk by electronically filing same with the Court's ECF system.

s/ GLEN HOWARD PICKOVER
GLEN HOWARD PICKOVER
GREGORY AND MEYER, P.C.
Attorneys for Defendant Westfield
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
(SBW # 1074191)
gpickover@gregorylaw.com
