

## Service of Process Transmittal
11/08/2017
CT Log Number 532267611

TO: Renee M Dusek
Westfield Group
1 Park Cir
Westfield Center, OH 44251-9700

RE: **Process Served in Wisconsin**

FOR: Westfield Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAW TANNING CO. LLC, PLTF. vs. WESTFIELD INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice |
| **COURT/AGENCY:** | Milwaukee County Circuit Court, WI<br>Case # 2017CV012498 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/08/2017 at 15:10 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of receiving this Summons |
| **ATTORNEY(S) / SENDER(S):** | ROBERT L. ELLIOTT<br>735 N. Water Street<br>Suite 1212<br>Milwaukee, WI 53202<br>414-225-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2017, Expected Purge Date: 11/14/2017<br><br>Image SOP<br><br>Email Notification, Renee M Dusek  reneedusek@westfieldgrp.com<br><br>Email Notification, Rexanna Leichliter  rexannaLeichliter@westfieldgrp.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>301 S. Bedford St.<br>Suite 1<br>Madison, WI 53703<br>302-658-7581/7582/7583 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
11-06-2017
John Barrett
Clerk of Circuit Court
2017CV012498
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN		CIRCUIT COURT		MILWAUKEE COUNTY

LAW TANNING CO. LLC
1616 W. Pierce Street
Milwaukee, WI 53204,

        Plaintiff,

Vs.

WESTFIELD INSURANCE COMPANY
One Park Circle
Westfield Center, OH 44251

C/O REGISTERED AGENT:
CT CORPORATION SYSTEM
301 S. Bedford St, Ste 1
Madison, WI 53703,

        Defendant.

CASE NO.:
CODE NO.: 30303



AGENT FOR STATE PROCESS SERVICE, INC.
Time of Service _____
Date of Service _____
Served upon: 11/8/17
at _____
[ ] Personal Service  [ ] Substitute personal service
[ ] Corporate Service  [ ] Posting

**SUMMONS**

THE STATE OF WISCONSIN to the Defendant named above:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within 20 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirement of the statutes. The Answer must be sent or delivered to the Clerk of Court, Milwaukee

FILED
11-06-2017
John Barrett
Clerk of Circuit Court
2017CV012498
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

LAW TANNING CO. LLC
1616 W. Pierce Street
Milwaukee, WI 53204,

         Plaintiff,

CASE NO.:
CODE NO.: 30303

Vs.

WESTFIELD INSURANCE COMPANY
One Park Circle
Westfield Center, OH 44251

C/O REGISTERED AGENT:
CT CORPORATION SYSTEM
301 S. Bedford St, Ste 1
Madison, WI 53703,

         Defendant.

**COMPLAINT**

Plaintiff pleads:

1. Plaintiff is a domestic corporation with its principal place of business located at 1616 W. Pierce Street, Milwaukee, WI 53204 and at all times material hereto has been engaged in the business of leather tanning.

2. Upon information and belief, at all times material hereto Westfield Insurance Company (Westfield) has been a foreign insurance corporation with its principal place of business located at One Park Circle, Westfield Center, OH 44251 and is engaged in the business of

- 3 -

issuing commercial insurance policies providing coverage for, among other coverages, criminal conduct by an insured's employee.

3. Upon information and belief, Westfield does substantial, non-isolated business in the State of Wisconsin and the County of Milwaukee.

4. Upon information and belief, Westfield is not authorized by the State of Wisconsin or any of its administrative agencies to do business in the State of Wisconsin.

5. Upon information and belief, prior to August 31, 2015 Westfield issued a general commercial insurance policy to Plaintiff, Law Tanning, providing CRIMINAL AND FIDELITY COVERAGE, a copy of the Policy Law Tanning received from Westfield is attached as Exhibit 1 and incorporated by reference. (Policy).

6. Upon information and belief, such Policy by Westfield was in full force and effect from August 31, 2015 to August 31, 2017.

7. Upon information and belief, such Policy provided under the CRIME AND FIDELITY COVERAGE portion of the Policy indemnification for loss of money by Law Tanning as a result of an "occurrence" from an employee's theft discovered during the policy period

8. Upon information and belief, the Policy further provides, at p. 15 of 16, three alternative definitions of "occurrence" as it would apply under the CRIME AND FIDELITY COVERAGE:

"Occurrence" means:

a. Under insuring agreement A.1.;

(1) an individual act;

- 4 -

(2) a combined total of all separate acts whether or not related; or

(3) a series of acts whether or not related.

9. Upon information and belief, the policy of insurance issued by Westfield to Plaintiff Law Tanning at issue here was entirely drafted by Westfield, including the definition of "occurrence" cited in paragraph 8 above.

10. Upon information and belief, the definition of "occurrence" contained in the Policy at p. 15 of 16, cited in ¶ 8 above is susceptible to more than one reasonable interpretation.

11. Upon information and belief, the definition of "occurrence" drafted by and included by Westfield in its policy of insurance issued to Law Tanning Co. LLC could reasonably be interpreted by a reasonable insured, including Law Tanning, to mean that an occurrence could be each individual act of theft by an employee.

12. Upon information and belief, from sometime in 2000 until it was discovered and halted by Law Tanning on June 28, 2017, a Law Tanning employee, Randy Draeger, wrote checks to himself, in addition to his legitimate compensation checks, in the total amount of $2,850,112.

13. Upon information and belief, the thefts by Draeger described in ¶ 11 above were discovered by Law Tanning on or about June 28, 2017, during the Policy's policy period.

14. Upon information and belief, each such check written to himself by Randy Draeger was illegal and a criminal act of theft by an employee of Law Tanning against Law Tanning.

- 5 -

15. Upon information and belief, each such check illegally written by Randy Draeger was an "individual act" as that term is used in the definition of "occurrence" in the Policy at p. 15 of 16.

16. Upon information and belief, each such individual act by Randy Draeger of theft from Plaintiff Law Tanning was an "occurrence" as that term is used in the CRIMINAL AND FIDELITY COVERAGE portion of the Policy at p. 1 of 16 of the Policy.

17. Upon information and belief, Law Tanning reasonably believes that each such individual act by Randy Draeger was an occurrence as "occurrence" is defined in the Policy at p. 15 of 16.

18. Upon information and belief, at all times material hereto Law Tanning reasonably believed and read its Westfield policy to provide that Westfield would indemnify Law Tanning for each individual act of theft from Law Tanning by its employee Randy Draeger during the policy period from August 31, 2015 to August 31, 2017.

19. Upon information and belief, during the policy period from August 31, 2015 to August 31, 2017 Law Tanning incurred 173 occurrences of loss from theft by the individual acts of theft by Randy Draeger, for a total loss during that period of $568,226.69.

20. Upon information and belief, virtually each incident of theft or occurrence of a loss by Law Tanning as a result of theft by Randy Draeger was in the amount of $3,036.57 for each of the 173 illegal individual acts of theft by Randy Draeger between August 31, 2015 and June 28, 2017, an average of $3,284.54 for each of the 173 individual acts and occurrences by Randy Draeger during the policy period.

21. Upon information and belief, such policy issued by Westfield to Law Tanning provided for indemnification of Law Tanning for each occurrence and individual act of theft by an employee in the amount of $25,000.00 per occurrence.

22. Upon information and belief, Law Tanning is entitled to be indemnified by Westfield for each occurrence of employee theft by employee Randy Draeger during the August 31, 2015 to June 28, 2017 time period in the total amount of $568,226.69.

23. Upon information and belief, from sometime in 2000 until August 31, 2015 Draeger committed additional acts of theft against Law Tanning by writing additional checks against the Law Tanning accounts which Draeger was not entitled to, totaling $2,281,885.43, first discovered by Plaintiff Law Tanning during the policy period in June, 2017.

24. Upon information and belief, each such illegal check was in nearly always in the amount of $3,036.50, averaging $3,284.54 per illegal check.

25. Upon information and belief, each such check written to himself by Randy Draeger was illegal and a criminal act of theft by an employee of Law Tanning against Law Tanning.

26. Upon information and belief, each such check illegally written by Randy Draeger was an "individual act" as that term is used in the definition of "occurrence" in the Policy at p. 15 of 16.

27. Upon information and belief, each such individual act by Randy Draeger of theft from Plaintiff Law Tanning was an "occurrence"

-7-

as that term is used in the CRIMINAL AND FIDELITY COVERAGE portion of the Policy at p. 15 of 16 of the Policy.

28. Upon information and belief, Law Tanning reasonably believes that each such individual act by Randy Draeger was an occurrence as "occurrence" is defined in the Policy at p. 15 of 16.

29. Upon information and belief, the Westfield policy provided further coverage under the CRIMINAL AND FIDELITY COVERAGE portion of the Policy for loss occurring as a result of theft by an employee (1) discovered by Law Tanning during the Westfield Policy period and sustained by Law Tanning during a period of time prior to the issuance of the Policy by Westfield to Plaintiff Law Tanning but during a period of time in which Law Tanning held a commercial policy issued by an insurer other than Westfield or any of its affiliates, (2) if Law Tanning suffered losses as a result of criminal activity by an employee during that prior period, and (3) if such criminal loss by Law Tanning would have been covered under the Westfield policy had it been in effect during such prior "occurrences" of criminal activity.

30. Upon information and belief, from prior to July, 2000 to August 31, 2015 Law Tanning had a commercial liability policy in effect, issued to it by Frankenmuth Insurance.

31. Upon information and belief, Frankenmuth Insurance Company is not Westfield Insurance Company nor has it ever been an affiliate of Westfield.

32. Upon information and belief, the Westfield policy became effective on August 31, 2015 immediately after the cancellation of the Frankenmuth policy.

- 8 -

33. Upon information and belief, the loss as a result of the individual acts and occurrences of criminal theft by Randy Draeger during the time period from July, 2000 to August 31, 2015 would have been covered under the CRIMINAL AND FIDELITY COVERAGE portion of the Policy had it been in effect during such period of time.

34. Upon information and belief, Law Tanning is entitled to be indemnified by Westfield for each occurrence of employee theft by employee Randy Draeger during the June, 200 to August 31, 2015 time period in the total amount of $2,281,885.43.

35. Upon information and belief, Plaintiff has made demand upon Westfield for payment for the criminal activity of Randy Draeger for the period of August 31, 2015 to June 28, 2017 in the amount of $568,226.69.

36. Upon information and belief, Westfield has refused to indemnify Law Tanning under its policy of insurance for the criminal activity of Randy Draeger and has refused to pay to Law Tanning the $568,226.69 for the policy period from August 31, 2015 to June 28, 2017.

37. Upon information and belief, Law Tanning has made demand upon Westfield to indemnify it for the losses it sustained by the criminal activity of Randy Draeger from the year 2000 through August 31, 2015 during the period in which Law Tanning had a commercial insurance policy issued by an insurer which was neither Westfield nor an affiliate of Westfield, Frankenmuth Insurance Company, in the amount of $2,281,885.43.

38. Upon information and belief, Westfield has refused to pay Law Tanning and indemnify it for the losses it sustained by the criminal activity of Randy Draeger from the year 2000 to August 31, 2015 in the amount of $2,281,885.43.

### FIRST CAUSE OF ACTION – COVERAGE FOR THE POLICY FROM JUNE, 2000 TO AUGUST 31, 2015

39. Upon information and belief, the above paragraphs are restated and incorporated by reference herein as more fully set forth.

40. Upon information and belief, such conduct on the part of Westfield with regard to its duty to provide indemnification under the Policy's CRIMINAL AND FIDELITY COVERAGE for the for the policy period of June, 2000 to August 31, 2015 constitutes a breach of its contract of insurance with Law Tanning, which has caused damage to Law Tanning Co. in the amount of $2,281,885.43.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT FOR THE PERIOD OF AUGUST 31, 2015 THROUGH AUGUST 31, 2017

41. Upon information and belief, the above paragraphs are restated and incorporated by reference herein as more fully set forth.

42. Upon information and belief, such conduct on the part of Westfield with regard to its duty to provide indemnification under the Policy's CRIMINAL AND FIDELITY COVERAGE for the for the period of August 31, 2015 to August 31, 2017 constitutes a breach of its contract of insurance with Law Tanning, which has caused damage to Law Tanning Co. in the amount of $568,226.69 for the 173 individual acts and occurrences of criminal activity of Randy Draeger during that period.

WHEREFORE, Plaintiff demands Judgment against Westfield Insurance Company:

A. Under the First Cause of Action for $2,281,885.42 together with taxable costs and disbursements;

B. Under the Second Cause of Action for $568,226.69 together with taxable costs and disbursements.

**PLAINTIFF DEMANDS A JURY.**

Dated this 6th day of November, 2017.

                                      ROBERT L. ELLIOTT
                                      Attorney for Plaintiffs

                                      *Electronically signed by Robert L. Elliott*
                                      ROBERT L. ELLIOTT,    SBW#: 1013862

ADDRESS:
Attorney at Law
735 N. Water Street
Suite 1212
Milwaukee, WI 53202
(414) 225-9000

-11-